UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA R. FINLEY-CARMINER, | No. 2:25-cv-2789 DAD CSK P |
| Petitioner, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| SACRAMENTO COUNTY SHERIFF, et al., | |
| Respondents. | |

Petitioner is proceeding pro se and in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2241. This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 1, 2025, this Court recommended that this action be dismissed because petitioner failed to exhaust state court remedies. (ECF No. 5.) On October 7, 2025, petitioner filed objections. Upon reconsideration, the findings and recommendations are vacated, and the Court screens the petition anew.

As set forth below, petitioner is ordered to show cause why this action should not be dismissed for lack of jurisdiction.

I.     PETITIONER'S ALLEGATIONS

In her petition for writ of habeas corpus filed under 28 U.S.C. § 2241, petitioner challenges a pending arrest warrant issued in Sacramento County, California on December 11,

1

2024.  (ECF No. 1 at 1-4; 61.)  Petitioner alleges that the arrest warrant lacks a valid affidavit of probable cause, is based on fabricated jurisdictional elements, and seeks to prosecute conduct already adjudicated in a prior criminal case.  (ECF No. 1 at 1.)  Petitioner claims she faces imminent unlawful detention and requests emergency relief.  (Id.)

II.      GOVERNING STANDARDS

The Court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases.  Petitions brought pursuant to Section 2241 may be subjected to the same screening requirements.  See Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).  Accordingly, whether petitioner is in custody pursuant to a state court judgment and thus seeking relief under 28 U.S.C. § 2254, or is in pre-judgment custody and seeking relief under 28 U.S.C. § 2241, the case must be summarily dismissed if it plainly appears from the pleadings that petitioner is not entitled to relief.  However, before dismissing a petition under Rule 4, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard.  See Race v. Salmonsen, 131 F.4th 792, 794 (9th Cir. 2025) (reversing sua sponte dismissal under Rule 4 where petitioner received first notice of defect in order of dismissal).

III.     DISCUSSION

A federal court does not have jurisdiction to provide habeas relief unless a petitioner alleges that the conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. 2254(a).  Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but is in custody for some other reason, such as pretrial detention or awaiting extradition.  White v. Lambert, 370 F.3d 1002, 1004 (9th Cir. 2004) (overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010)).  In pertinent part, 28 U.S.C. § 2241(c) states that "[t]he writ of habeas corpus shall not extend to a prisoner unless --" the prisoner "is in custody under or by color of the authority of the United

States or is committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1). A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). As with other jurisdictional prerequisites, this Court must raise the issue of custody sua sponte. See Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir. 1983) (addressing issue of custody even though respondent did not raise issue)

Section 2241 relief is available for state pre-trial detainees challenging their detention in state custody. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (explaining that § 2241 is proper because pretrial detainee does not meet § 2254's criteria of being in custody "pursuant to the judgment of a State court."). Here, however, petitioner does not allege that she is in custody, subject to pretrial detention, or awaiting extradition. (ECF No. 1.) Petitioner does not allege facts demonstrating that she is in custody as required to pursue relief under § 2241. 28 U.S.C. § 2241(c)(1). Rather, petitioner is attempting to invalidate an arrest warrant, issued December 11, 2024, which apparently has not yet been executed. Because petitioner was not in custody at the time this action was filed, habeas corpus relief under 28 U.S.C. § 2241 is not available to her. Petitioner is ordered to show cause why this action should not be dismissed without prejudice.

IV.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 5) are vacated; and
2. Within fourteen days from the date of this order, petitioner shall show cause why the petition for writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed.

Dated: November 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/finl2789.osc

3